UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUAN JOSE VALLEJO, TDCJ #02560843, Plaintiff, | § § § § | |
| VS. | § § | CIVIL ACTION NO. 4:25-CV-02533 |
| PASADENA PD, Defendant. | § § § § | |

### MEMORANDUM AND ORDER OF DISMISSAL

Plaintiff Juan Jose Vallejo (TDCJ #02560843) is a state inmate in custody of the Texas Department of Criminal Justice at the Gunney Unit in Palastine, Texas. Vallejo filed this civil rights action against the Pasadena Police Department, claiming that his arrest in November 2024 lacked probable cause and that the vehicle stop violated his Fourth Amendment rights as an unreasonable search and seizure. Doc. No. 1. After reviewing the pleadings as required by 28 U.S.C. § 1915A, the Court concludes that this case must be DISMISSED without prejudice.

### I.   DISCUSSION

Vallejo's complaint is subject to screening under the Prison Litigation Reform Act (PLRA), which requires a district court to scrutinize claims in a civil action brought by a prisoner and dismiss the complaint, in whole or in part, if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

1 / 4

Pleadings filed by *pro se* litigants must be construed under a less stringent standard of review. *See Haines v. Kerner,* 404 U.S. 519 (1972). Under this standard, a court liberally construes a document filed *pro se. Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

Public records reflect that Vallejo was convicted of felony possession of a weapon without a license in Harris County cause number 189435301010, as a result of the traffic stop and search that he now challenges in a civil right action. *See State v. Vallejo,* Crim. No. 189435301010 (248th Jud. Dist. Ct. Harris County, Tex. May 1, 2025). Vallejo's civil rights claims for relief in connection with his conviction are barred under the Supreme Court's holding in *Heck v. Humphrey,* 512 U.S. 477, 486–87 (1994). *Heck* bars a civil rights action, regardless of the type of relief sought, that would necessarily imply the invalidity of the plaintiff's conviction or sentence, unless the conviction has previously been invalidated through proper channels. *Id.; Kutzner v. Montgomery County,* 303 F.3d 339, 340 (5th Cir. 2002). Thus, before a plaintiff can pursue a claim for damages or

injunctive relief arising from allegedly unlawful actions which, if proven, would also show the plaintiff's conviction or sentence to be invalid, the plaintiff must first show that his conviction or sentence has been reversed on appeal, expunged by executive order, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.*

Vallejo's claims are inextricably linked to the legality of his conviction in *State v. Vallejo, supra.* He alleges that the traffic stop where the police uncovered his weapon was illegal and constituted an unreasonable search and seizure. His claims directly challenge his conviction because a judgment favorable to him on his present civil rights claims would necessarily imply the invalidity of his conviction and sentence as being wrongfully obtained. Because Vallejo does not show that his conviction has been overturned or invalidated through proper channels, his current civil rights claims are barred by *Heck* and must be dismissed.

## II. <u>CONCLUSION AND ORDER</u>

Based on the foregoing, the Court **ORDERS** that:

1. Juan Jose Vallejo's Complaint is **DISMISSED** without prejudice under 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1), for failure to state a claim on which relief may be granted based on *Heck v. Humphrey*, 512 U.S. 477 (1994).

2. This dismissal constitutes a "strike" under 28 U.S.C. § 1915(g).

The Clerk of Court shall send a copy of this dismissal to the parties and to the Clerk of the United States District Court for the Southern District of Texas, Houston Division,

515 Rusk Street, Houston, Texas, 77002, Attention: Three-Strikes List Manager, at:

**Three_Strikes@txs.uscourts.gov.**

SIGNED on this ___30th___ day of May 2026.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE